**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES ROWE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNICARE LIFE AND HEALTH INSURANCE COMPANY, and WELLPOINT, INC., both Indiana Corporations,<br><br>Defendants. | FILED: APRIL 15, 2009<br>09CV2286<br>JUDGE HIBBLER<br>MAGISTRATE JUDGE MASON<br>AO<br><br>Case No. |

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, Defendants Unicare Life and Health Insurance Company ("Unicare") and Wellpoint, Inc. ("Wellpoint"), by their attorneys, hereby remove this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, Defendants state as follows:

1. Plaintiff James Rowe originally commenced this action by filing a Complaint on February 6, 2009, against Defendants Unicare and Wellpoint in the Circuit Court of Cook County, Illinois, where it is presently docketed in the County Department, Chancery Division as *James Rowe v. Unicare Life and Health Insurance Company and Wellpoint, Inc.*, Case Number 09-CH-05166. No further proceedings before the state court have occurred.

2. Counsel for Defendants orally agreed to waive service of process effective March 17, 2009.

3. This Notice of Removal is timely filed since it is being filed within 30 days of the date of service as required by 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), no copies of any process, pleadings or orders have been served upon Defendants to date. A copy of the Complaint is attached hereto as Exhibit 1.

4. The Circuit Court for Cook County, Illinois is located within the Northern District of Illinois, Eastern Division. Therefore, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), removal to the Northern District of Illinois, Eastern Division, is proper.

5. In his Complaint, Plaintiff alleges federal and state statutory and common law causes of action against Defendants.

## I. THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. §§1331, 1367, and 1441.

6. Counts I and II of the Complaint, asserted against both Defendants, arise under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*. (Compl. ¶¶ 24-47.)

7. Defendants' FCRA claims arise under the laws of the United States. Therefore, pursuant to 28 U.S.C. §1331, this District Court has original jurisdiction over such claims. Because the District Court has original jurisdiction over the FCRA claims, Defendants can remove those claims to this Court under 28 U.S.C. §1441(a).

8. Defendants can remove the FCRA claims without regard to the citizenship or residence of the parties pursuant to 28 U.S.C. §1441(b) because the FCRA claim is a claim or right arising under the laws of the United States.

9. Counts III through VI, which arise under state law, are related to the FCRA claims in that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. §1367(a). Because this Court has original jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. §1331, this Court has supplemental jurisdiction, pursuant to 28

U.S.C. §1367(a), over those claims brought by Plaintiff which do not arise under the laws of the United States.

## II. THIS COURT ALSO HAS DIVERSITY JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005.

10. This case is subject to removal pursuant to the Class Action Fairness Act of 2005 ("CAFA").

11. CAFA requires: (1) 100 or more members in the plaintiff's proposed class; (2) minimal diversity; and (3) that the matter in controversy exceed the sum or value of $5,000,000 in the aggregate. Here, all such requirements are met, thus this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A. There are over 100 members in Plaintiff's proposed class.

12. Plaintiff purports to represent a nationwide class of "all persons throughout the United States, whose PHI records were made available to the public without prior consent and/or without a permissible purpose under the Fair Credit Reporting Act," and which is "comprised of many hundreds if not thousands of consumers." (Compl. ¶¶16-17.) Additionally, Defendants mailed notification letters of the type attached as Exhibit B to the Complaint to more than 200,000 consumers. (*See* Exhibit 2, Affidavit of Lynda J. Gross, at ¶3.) Based on these allegations, the aggregate number of class members of the proposed class is clearly greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B. There is diversity of citizenship.

13. Plaintiff is a resident of Cook County, Illinois. (Compl. ¶1.)

14. Defendants are both corporations organized under the State of Indiana, with their principal places of business in Indiana.

15. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Defendants are citizens of Indiana for purposes of determining diversity.

16. Thus, at least one proposed class member and one defendant are diverse, which is all that is required under CAFA.

### C. The amount in controversy exceeds $5,000,000.

17. Plaintiff in this case alleges that "Plaintiff and the Class were damaged by Defendants' intentional and/or reckless actions." (Compl. ¶33) Plaintiff seeks: actual damages sustained or statutory damages of not less than $100 and not more than $1,000 per Class member, plus attorneys' fees and costs, based upon violations of the FCRA (Counts I and II); entry of order requiring "Defendants to provide identity theft insurance and monies required to monitor Plaintiff's and the Class' financial accounts, as well as to compensate anyone who suffers damage as a result of the unauthorized release of their private information," damages, and attorneys' fees and costs (Counts III-VI); and "other legal and/or equitable relief as the Court deems appropriate" (all Counts).

18. The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Under this standard, plaintiff's claim easily meets the jurisdictional threshold.

19. Although the Complaint does not allege a specific class size (*see* Compl. ¶17), Plaintiff defines the class as "all persons throughout the United States, whose PHI records were made available to the public without prior consent and/or without a permissible purpose under the Fair Credit Reporting Act." (Compl. ¶16.) Defendants deny that any such class exists. However, in the best available measure of the class that Plaintiff alleges, Defendants' records show that

more than 200,000 consumers received data security notification letters like that sent to Plaintiff. (*See* Ex. 2 at ¶3).

20. Plaintiff is seeking credit monitoring services for the Class' financial accounts. (Counts III-VI.) One year of credit monitoring would put far more than $5,000,000 at issue. For example, the monthly cost of one such service, Experian Triple Alert Credit Monitoring, is $4.95. (*See* Exhibit 3, a true and correct copy of Experian's website showing the monthly costs of its Triple Alert Credit Monitoring.) Thus, the costs of 12 months of credit monitoring for even 200,000 persons would be $11,880,000, well in excess of $5,000,000.

21. This amount, combined with other relief plaintiff seeks, including but not limited to punitive damages, clearly exceeds CAFA's $5,000,000 requirement.

**III.    CONCLUSION**

22. As is demonstrated above, removal of this action is proper under both CAFA and 28 U.S.C. §1441(a).

23. Defendants Unicare and Wellpoint file this Notice of Removal without waiving, and specifically reserving, all defenses and motions.

24. Written notice of this Notice of Removal is being immediately provided to the Circuit Court of Cook County, Illinois. *See* Exhibit 4.

25. Written notice of this Notice of Removal of this action is being caused to be served on counsel for the Plaintiff.

WHEREFORE, Defendants Unicare and Wellpoint respectfully remove this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: April 15, 2009                               Respectfully submitted,

                                                    UNICARE LIFE AND HEALTH
                                                    INSURANCE COMPANY, and
                                                    WELLPOINT, INC., *Defendants*

                                                    By: /s/ Marina C. Santini
                                                          One of their attorneys

                                                    REED SMITH LLP
                                                    David Z. Smith (ARDC # 6256687)
                                                    Marina C. Santini (ARDC # 6290668)
                                                    10 South Wacker Drive
                                                    Chicago, IL  60606-7507
                                                    (312) 207 1000
                                                    (312) 207 6400 (fax)

                                                    Mark S. Melodia, Esq.
                                                    Paul Bond, Esq.
                                                    Princeton Forrestal Village
                                                    136 Main Street, Suite 250
                                                    Princeton, N.J. 08540
                                                    (609) 987-0050

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served a true and correct copy of the foregoing Defendants' **NOTICE OF REMOVAL** via hand delivery, this 15th day of April 2009, upon the following counsel of record:

| | |
|---|---|
| BARNOW AND ASSOCIATES, P.C.<br>Ben Barnow<br>Sharon Harris<br>Erich Schork<br>Blake Strautins<br>One North LaSalle Street, Suite 4600<br>Chicago, IL 60602<br>(312) 621-2000<br><br>*Attorneys for Plaintiff* | LARRY D. DRURY, LTD.<br>Larry D. Drury<br>205 West Randolph, Suite 1430<br>Chicago, IL 60606<br>(312) 346-7950<br>*Attorneys for Plaintiff* |

/s/ Marina C. Santini
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
(312) 207 1000
(312) 207 6400 (fax)

*Attorneys for Defendants*