# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES ROWE, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 09 CV 2286<br>) |
| v. | ) Judge William J. Hibbler<br>) |
| UNICARE LIFE AND HEALTH INSURANCE COMPANY, and WELLPOINT, INC., both Indiana Corporations, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## REVISED JUDGMENT ORDER

WHEREAS, Representative Plaintiff James Rowe and the defendants, UniCare Life and Health Insurance Company and Wellpoint, Inc. (collectively, "UniCare"), entered into a Settlement Agreement dated May 13, 2011;

WHEREAS, on May 19, 2011, the Court entered an Order ("Preliminary Approval Order") that, among other things, (a) preliminarily certified, pursuant to Fed. R. Civ. P. 23, a class for the purposes of settlement only; (b) approved the content of notice to Settlement Class Members, and the method of dissemination thereof; (c) directed that appropriate notice of the settlement be given to the Settlement Class; and (d) set a hearing date for final approval of the settlement;

WHEREAS, the notice to the Settlement Class has been provided, as attested to in the Affidavit of Tore Hodne ("Hodne Affidavit"), which is Exhibit 3 to Plaintiff's Motion for Final Approval of Class Action Settlement and Incorporated Memorandum of Law filed with the Court on September 9, 2011;

WHEREAS, the governmental notice required by the Class Action Fairness Act, 28 U.S.C. § 1715, has been provided, as attested to in the Hodne Affidavit; and

WHEREAS, on September 14, 2011, a hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being a due and appropriate number of days after such notice to the Settlement Class and the requisite number of days after such governmental notice;

NOW THEREFORE, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the arguments of counsel, having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and noting that, as set forth in ¶ 7.5 of the Settlement Agreement, the application of Settlement Class Counsel for an award of fees, costs and expenses, and Representative Plaintiff incentive award is separate from the issue of whether final approval should be given to the settlement set forth in the Settlement Agreement, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement. Without limiting the effect of that incorporation, the following terms used in this Judgment Order have the following meanings defined in the Settlement Agreement:

    a. The term "Claims" has the following meaning:

    All known claims and Unknown Claims, actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether contingent or non-contingent, and whether at law or equity.

b.  The term "Released Claims" has the following meaning:

Any and all Claims (including, without limitation, any causes of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, Gramm-Leach-Bliley Act 15 U.S.C. § 6801 *et seq.*, the California Business & Professional Code § 17200 et seq., California Civil Code § 1798.80–84 *et seq.*, California Civil Code § 1798.53, and all similar statutes in effect in any other states in the United States as defined herein; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; and wantonness), and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, personal injury, emotional distress, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against UniCare or its Related Entities based on, relating to, concerning or arising out of the alleged exposure of the Private Information prior to April 1, 2008, or the allegations, facts, or circumstances described in the Litigation. Released Claims shall not include the right of any Settlement Class Member or UniCare or its Related Entities to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

c.  The term "Unknown Claims" has the following meaning:

Any of the Released Claims that any Settlement Class Member, including any Representative Plaintiff, does not know of or suspect to exist in his or her favor at the time of the release of UniCare which, if known by him or her, might have affected his or her settlement with and release of UniCare, or might have affected his or her decision not to object to and/or participate in this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States, or

principle of common law which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members, including Representative Plaintiffs, and any of them, may hereafter discover facts in addition to or different from those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the settlement of which this release is a part. Notwithstanding the foregoing, the Settling Parties acknowledge and incorporate here as if fully set forth herein the last sentence of ¶ 1.18 of the Settlement Agreement.

d. "Related Entities" means any past or present director, officer, employee, agent, attorney, predecessor, successor, parent, subsidiary, division and any affiliated entity of UniCare Life and Health Insurance Company and/or Wellpoint, Inc.

e. "United States" as used in this Settlement Agreement includes the District of Columbia, Puerto Rico, U.S. Virgin Islands, Guam, and any other recognized territory of the United States.

2. The Court has subject matter jurisdiction of this matter and all claims asserted against UniCare.

3. The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and

these proceedings to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4. Pursuant to Fed. R. Civ. P. 23 and this Court's Preliminary Approval Order, for the purposes of settling the Released Claims against UniCare in accordance with the Settlement Agreement, the following Persons are members of the Settlement Class:

   All Persons throughout the United States sent a letter between April 1, 2007 and June 30, 2008, informing the recipient that their Private Information entrusted to UniCare had been or may have been made temporarily accessible via the Internet.

5. Excluded from the Settlement Class are: (i) UniCare Life and Health Insurance Company and Wellpoint, Inc., its officers, directors, agents, or employees; (ii) the Court presiding over this matter; and (iii) those Persons identified in Exhibit B to the Hodne Affidavit, who submitted timely and valid requests for exclusion from the Settlement Class ("Opt-Outs"). Opt-Outs shall neither share in the distribution of the Settlement Fund nor receive any benefits of the terms of the Settlement Agreement, and shall not be bound by this Judgment Order.

6. Representative Plaintiff and Settlement Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

7. No objections to the settlement set forth in the Settlement Agreement having been received, the settlement set forth in the Settlement Agreement is in all respects, fair, adequate, reasonable, proper, and in the best interests of the Settlement Class, and is hereby approved.

8. Representative Plaintiff, UniCare, and Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement. The Settlement Agreement,

and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

9. Each Released Claim of each Settlement Class Member is hereby extinguished as against the Released Persons. Representative Plaintiff and each Settlement Class Member shall be deemed conclusively to have compromised, settled, discharged, and released the Released Claims against UniCare upon the terms and conditions provided in the Settlement Agreement.

10. Settlement Class Members shall be and hereby are permanently barred and enjoined from, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims against UniCare is asserted.

11. UniCare shall be deemed conclusively to have fully, finally, and forever released, relinquished, and discharged Representative Plaintiff, Settlement Class Members, Settlement Class Counsel, and all other Plaintiff's Counsel from all claims based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, except as set forth in the Settlement Agreement.

12. Neither this Judgment Order, the Settlement Agreement, the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of UniCare; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of UniCare in any civil, criminal, or administrative

proceeding in any court, administrative agency, or other tribunal. UniCare may file the Settlement Agreement and/or this Judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court has reviewed the request for attorneys' fees, costs and expenses, and Representative Plaintiff incentive award sought by Settlement Class Counsel on behalf of Plaintiff's Counsel, and hereby awards attorneys' fees in the amount of $500,000.00, costs and expenses in the amount of $2,585.56, to Settlement Class Counsel, and a Representative Plaintiff incentive award in the amount of $500.00 to James Rowe. All attorneys' fees, costs, expenses, and Representative Plaintiff award payments by UniCare shall be made to Settlement Class Counsel. The Court recognizes that Mr. Barnow is most familiar with the participation and contributions of Plaintiff's Counsel in this litigation, and, accordingly hereby orders and provides that he shall be and is hereby authorized to allocate and distribute said funds amongst Plaintiff's Counsel in his sole discretion to be reasonably applied. Any dispute concerning said allocations shall be under the jurisdiction of this Court.

14. The parties have stipulated and the Court has determined that the Court's decision to grant final approval of the settlement set forth in the Settlement Agreement is separate from the issues raised by Settlement Class Counsel's request for attorneys' fees, costs, and expenses, and Representative Plaintiff incentive award.

15. Without affecting the finality of this Judgment in any way, the Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

16. In the event the Effective Date does not occur, this Judgment Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement, this Judgment and all orders entered in connection herewith shall be vacated and null and void.

SO ORDERED.

_____
Honorable William J. Hibbler
United States District Court Judge

Dated: 9/21, 2011